## STATE OF KANSAS

### JANUARY TERM, 1924

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,        } JUSTICES.
HON. W. W. HARVEY,
HON. RICHARD J. HOPKINS,

No. 24,805.

JOHN S. RHODES, *Appellee,* v. (J. F. WM. RENKER et al., *Appellees*)
J. G. FLEISHMAN, JR., *Appellant.*

SYLLABUS BY THE COURT.

MORTGAGE FORECLOSURE—*Period of Redemption Eighteen Months.* In a mortgage foreclosure suit, the record is examined and it is held that the court correctly fixed the period of redemption at eighteen months.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed December 14, 1923. Affirmed.

*D. R. Hite,* of Topeka, for the appellant.

*J. A. Fleming,* of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a mortgage foreclosure suit. The court fixed the period of redemption at eighteen months. Appellant contends it should have been fixed at six months, under section 7407 of the General Statutes of 1915. This is the only question presented.

The property was owned by John S. Rhodes. He sold to J. F. Wm. Renker for $23,000 and received in payment $5,000 in cash

and took a mortgage on the property for $18,000 for the balance of the purchase price. To pay the $5,000 in cash Renker got $4,000 from his mother, Augusta Renker, and at once conveyed the property to her. Later, Renker paid $5,000 and some interest on the mortgage, reducing it to $13,000. Later, Renker borrowed $5,000 from the Kansas Reserve State Bank and to secure the same he, Augusta Renker and her husband, executed to the bank a second mortgage on the property purchased from Rhodes. This money was used by Renker in the oil business and for other purposes. Both mortgages were foreclosed in this suit and together they amount to more than two-thirds of the purchase price of the property.

Appellant contends that the evidence, properly considered, shows that Augusta Renker was the real purchaser of the property; that the $5,000 was borrowed by Augusta Renker from the Kansas Reserve State Bank for the purpose of reimbursing her son for the last $5,000 payment made by him to Rhodes, and that this mortgage thus became, in effect, a purchase money mortgage. We have carefully examined the evidence and think it does not support appellant's contention. No good purpose would be served by giving a further synopsis of it. The judgment of the court below is affirmed.